IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 15, 2015


**STATE OF TENNESSEE v. DEREK BURGESS**


**Appeal from the Circuit Court for Madison County**
**No. 08-385, 08-386     Donald H. Allen, Judge**

_____


**No. W2015-00196-CCA-R3-CD  -  Filed March 18, 2016**

_____


The defendant, Derek Burgess, committed new criminal offenses while on probation, and the trial court revoked his probation and ordered him to serve the remainder of his sentence in prison.  The defendant appeals the trial court's order sentencing him to serve his sentence in incarceration, arguing that the trial court incorrectly calculated the length of his remaining sentence.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., J., joined.  ROGER A. PAGE, J., not participating.

Gregory D. Gookin, Assistant District Public Defender, for the Appellant, Derek Burgess.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Brian Gilliam, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

**FACTS AND PROCEDURAL HISTORY**

    The defendant was charged with a litany of crimes in two separate indictments.  In Case No. 08-386, he was charged with nineteen offenses: five counts of vehicle burglary, five counts of theft of property, seven counts of vandalism, and two counts of reckless

burning. In Case No. 08-385, he was charged with an additional nineteen offenses: four counts of theft of property, six counts of vandalism, five counts of vehicle burglary, and one count each of felony evading arrest, aggravated burglary, reckless burning, and reckless endangerment.

On September 15, 2008, the defendant entered guilty pleas in both cases. In Case No. 08-386, the defendant pled guilty and was sentenced as follows, with the remaining charges dismissed:

Count 1: auto burglary: 2 years;
Count 2: unauthorized use of a motor vehicle: 11 months, 29 days;
Count 3: vandalism less than $10,000: 3 years;
Count 4: auto burglary: 2 years;
Count 5: unauthorized use of a motor vehicle: 11 months, 29 days;
Count 6: vandalism less than $60,000: 4 years, 6 months;
Count 7: auto burglary: 2 years; and
Count 8: vandalism under $500: 11 months, 29 days.

For the offenses in Case No. 08-385, the defendant pled guilty and was sentenced as follows:

Count 1: unauthorized use of a motor vehicle: 11 months, 29 days;
Count 2: vandalism over $10,000: 4 years, 6 months;
Count 3: felony evading arrest: 2 years;
Count 4: auto burglary: 2 years;
Count 5: auto burglary: 2 years;
Count 6: theft of property under $500: 11 months, 29 days;
Count 7: theft of property under $500: 11 months, 29 days;
Count 8: vandalism under $500: 11 months, 29 days;
Count 9: vandalism under $500: 11 months, 29 days;
Count 10: vandalism under $500: 11 months, 29 days;
Count 11: vandalism under $500: 11 months, 29 days;
Count 12: auto burglary: 2 years;
Count 13: auto burglary: 2 years;
Count 14: aggravated burglary: 4 years;
Count 15: theft of property under $500: 11 months, 29 days;
Count 16: Reckless burning: 11 months, 29 days;
Count 17: felony reckless endangerment: 2 years;
Count 18: vandalism under $500: 11 months, 29 days; and
Count 19:  auto burglary: 2 years.

2

On October 28, 2008, the trial court held a sentencing hearing. The court imposed partial consecutive sentencing, aligning the convictions into four groups:

> 1. Case No. 08-386: all counts concurrent with each other but consecutive to Case No. 08-385 for an effective 4.5-year sentence, with six months in jail.

> 2. Case No. 08-385 Counts 1-3: concurrent with each other but consecutive to Counts 4-19 and the offenses in Case No. 08-386 for an effective 4.5-year sentence, with six months in jail.

> 3. Case No. 08-385 Counts 4-13: concurrent with each other but consecutively to Counts 1-3 and Counts 14-19 and all counts in Case No. 08-386 for an effective 2-year sentence, with six months in jail.

> 4. Case No. 08-385 Counts 14-19: concurrent with each other but consecutive to Counts 1-13 and all counts in Case No. 08-386 for an effective 4-year sentence, with six months in jail.

The trial court imposed the sentences from Case No. 08-386 first, and the court ordered each group to be served consecutively to the other, for an effective sentence of fifteen years. The defendant was ordered to serve four consecutive six-month terms (one for each sentencing group) of "shock incarceration," for an effective sentence of two years in confinement. He was ordered to serve the remaining thirteen years of his sentence on probation supervised by community corrections.

A probation violation warrant was issued on October 28, 2014, alleging that the defendant violated his probation when he was arrested and charged with vandalism, arson, and burglary. At a probation revocation hearing, the trial court found that he violated his probation by committing new criminal offenses.[1] The trial court observed that there was some question as to which of the defendant's sentences had expired. The court continued the hearing to permit the attorneys to review the transcript of the guilty plea hearing and to make arguments about which of the defendant's sentences were expired.

At the second hearing, the trial court stated that it intended for the defendant to serve his sentence in Case No. 08-386 first, and the court found that this sentence was expired. The court found that none of the defendant's sentences in Case No. 08-385 had

---

[1] The defendant does not contest the finding that he violated his probation, and we have not included the testimony from the hearing in this opinion.

expired and that he was still on probation for each of these sentences.  The court noted that the defendant received effective sentences of four and a half years, four years, and two years for the offenses in Case No. 08-385, leaving him with a total effective sentence of ten and a half years.  The court stated that the defendant would be entitled to jail credit for previous time served, and the court awarded the defendant jail credit from October 20, 2008, to April 9, 2010, and from October 24, 2014, to December 30, 2014.  The court ordered the defendant to serve the balance of his sentence in prison.

## ANALYSIS

The defendant does not take issue with the trial court's finding that he violated the terms of his probation or the order to serve his sentence in incarceration.   The defendant only takes exception to the fact that the trial court found that his remaining sentence was ten years and six months.  He contends that because he served three six-month periods of incarceration for each "group" of his sentences in Case No. 08-385, his total sentence should only be nine years.  The State responds that the defendant simply misinterpreted the order as imposing a sentence that did not credit him for his time served and that the trial court appropriately sentenced the defendant.

A trial court's decision to revoke probation is reviewed under an abuse of discretion standard.  *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).  Generally, a trial court abuses its discretion when it "applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).   The trial court may revoke probation if it finds by a preponderance of the evidence that a defendant violated a condition of his or her probation.  T.C.A. § 40-35-311(e)(1) (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005).  "The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment."  *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991).  After the court finds that a defendant violated a condition of probation, the court may order the imposition of the original sentence, return the defendant to probation under modified conditions, or extend the probation for a period not exceeding two years.  T.C.A. § 40-35-310, -311(e), -308(a), (c).

Here, the defendant received an effective sentence of fifteen years.  At the time the probation revocation warrant was issued, the defendant's four-and-a-half-year sentence in Case No. 08-386 had expired.  His remaining sentences of four years, two years, and four and a half years for the offenses in Case No. 08-385 had not expired, which left him with an effective remaining sentence of ten and a half years from the original judgment.  Tennessee Code Annotated section 40-35-501(a)(7(A) provides that "[i]f the sentencing

4

court revokes probation, the sentencing court may cause the defendant to *commence the execution of the judgment as originally entered, less any credit for time served*, plus any sentence credits earned and retained by the inmate." (Emphasis added). As a result, the trial court properly imposed the defendant's original sentence of ten and a half years while awarding him jail credit for his time served during his original period of incarceration and for the period when he was jailed while his probation revocation was pending. The defendant is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE